UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2012 JUN -5 PM 2:56
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | CRIMINAL NO. |
| Plaintiff, § | |
| § | INDICTMENT A12CR 215 SS |
| v. § | |
| § | |
| DENNIS FLEETE WHITE (1) § | [Vio: Ct I: 21 U.S.C. § 846 – Conspiracy; |
| GREGORY PAUL WOOTEN (2) § | 21 U.S.C. §§ 841(a)(1) & (b)(1)(A) – |
| FERNANDO LOPEZ (3) § | Possession with Intent to Distribute 5 |
| DEMORAE PRICHETT (4) § | Kilograms or More of Cocaine and 100 |
| ███████████ § | Kilograms or more of Marijuana |
| § | Ct II-IV: 21 U.S.C. §§ 1956(a)(1)(A)(i) and |
| GREGORY DANHAUSER (7) § | (B)(i) - Laundering of Monetary |
| AMBER GLENETTE MAYNARD (8) § | Instruments; 18 U.S.C. 2 - Aiding and |
| § | Abetting; |
| Defendants. § | |

THE GRAND JURY CHARGES:

COUNT ONE
Conspiracy to Possess with Intent to Distribute a Controlled Substance
[21 U.S.C. § 846 {21 U.S.C. §841(a)(1) & 841(b)(1)(A)}]

Beginning on or about February 2011 and continuing until on or about the date of this

indictment, in the Western District of Texas and elsewhere, the Defendants,

DENNIS FLEETE WHITE (1)
GREGORY PAUL WOOTEN (2)
FERNANDO LOPEZ (3)
DEMORAE PRICHETT (4)
███████████
GREGORY DANHAUSER (7)
AMBER GLENETTE MAYNARD (8)

did unlawfully, knowingly, and willfully combine, conspire, confederate, and agree with other persons, both known and unknown, to the Grand Jury to possess with intent to distribute five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine, a controlled substance, and 100 kilograms or more of a mixture and substance containing a detectable amount of marijuana, contrary to Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A) and 846.

## COUNT II
### 18 U.S.C. §1956(a)(1)(A)(i)
### Laundering of Monetary Instruments

Beginning in or about September 1, 2011, and continuing until on or about September 16, 2011, in the Western District of Texas and elsewhere, the Defendants,

**DENNIS FLEETE WHITE**
and
**GREGORY WOOTEN**

aided and abetted by each other and with others known and unknown to the Grand Jury, did knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, which involved the proceeds ($40,990.00 in U.S. Currency) of a specified unlawful activity (1) with the intent to promote the carrying on of the specified unlawful activity as alleged in Count I, and (2) knowing that the transaction was designed in whole or in part to conceal and disguise the nature, the location, the source, the ownership and the control of the proceeds of specified unlawful activity, and to avoid a transaction reporting requirement under federal law, in violation of 18 U.S.C. § 1956(a)(1)(A)(i) and 18 U.S.C. § 2.

## COUNT III
## 18 U.S.C. §1956(a)(1)(A)(i)
### Laundering of Monetary Instruments

Beginning in or about January 1, 2012, and continuing until on or about January 22, 2012, in the Western District of Texas and elsewhere, the Defendants,

**DENNIS FLEETE WHITE**
and
**GREGORY WOOTEN**

aided and abetted by each other and with others known and unknown to the Grand Jury, did did knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, which involved the proceeds ($135,692.00 in U.S. Currency) of a specified unlawful activity (1) with the intent to promote the carrying on of the specified unlawful activity as alleged in Count I, and (2) knowing that the transaction was designed in whole or in part to conceal and disguise the nature, the location, the source, the ownership and the control of the proceeds of specified unlawful activity, and to avoid a transaction reporting requirement under federal law, in violation of 18 U.S.C. § 1956(a)(1)(A)(i) and 18 U.S.C. § 2.

## COUNT IV
### 18 U.S.C. §1956(a)(1)(A)(i) and (B)(i).
### Laundering of Monetary Instruments

Beginning in or about June 3, 2011, and continuing until on or about July 15, 2011, in the Western District of Texas and elsewhere, the Defendant,

### DENNIS FLEETE WHITE

did knowingly conduct and attempt to conduct the following financial transactions affecting interstate and foreign commerce, which involved the proceeds of specified unlawful activity, as alleged in Count I, with the intent to promote the carrying on of said specified unlawful activity and knowing that the transaction was designed in whole and in part to conceal and disguise, the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity and that while conducting and attempting to conduct such financial transactions, the defendant knew that the property involved in the financial transactions, represented the proceeds of some form of unlawful activity.

| DATE | AMOUNT | TRANSACTION |
| --- | --- | --- |
| 6/3/11 | $3,000.00 | University Federal Credit Union (UFCU) Cashier's check #0000102900 payable to Gehan Homes and remitted from Dennis White's UFCU account |
| 7/8/11 | $10,000.00 | University Federal Credit Union (UFCU) Cashier's check #0000108226 payable to Gehan Homes and remitted from Dennis White's UFCU account |
| 7/15/11 | $5,992.00 | University Federal Credit Union (UFCU) Cashier's check #0000109095 payable to Independence Title Company remitted from Dennis White's UFCU account |

| | | |
|---|---|---|
| 7/15/11 | $10,000.00 | Prosperity Bank Cashier's check # 1269240 payable to Independence Title Company by Dennis White |

All in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i) and (B)(i).

## NOTICE OF UNITED STATES OF AMERICA'S DEMAND FOR FORFEITURE

### I.
### Controlled Substance Forfeiture Statutes and Violations
[21 U.S.C. § 846 {21 U.S.C. §§ 841(a)(1) and (b)(1)(A)} and
subject to forfeiture pursuant to 21 U.S.C. §§ 853(a)(1) and (2)]

As a result of the foregoing criminal violation as set forth in Count I of the Indictment, which is punishable by imprisonment for more than one year, **DEFENDANTS DENNIS FLEETE WHITE (1), GREGORY WOOTEN (2), FERNANDO LOPEZ (3), DEMORAE PRICHETT (4),** ▮▮▮▮ ▮▮▮▮ **GREGORY DANHAUSER (7), and AMBER GLENETTE MAYNARD (8)** shall forfeit any and all right, title, and interest in the below-described property to the United States, pursuant to 21 U.S.C. § 853(a)(1) and (2), which state the following:

> **21 U.S.C. § 853.**
> **(a)** Any person convicted of a violation of this subchapter or subchapter II of this chapter punishable by imprisonment for more than one year shall forfeit to the United States, irrespective of any provision of State law—
> **(1)** any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation;
> **(2)** any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such violation.

This Notice of Demand for Forfeiture includes, but is not limited to, the property described below in paragraphs III and IV.

### II.
### Money Laundering Forfeiture Statutes and Violations
[18 U.S.C. §§ 1956(a)(1)(A)(i) and (B)(i) and
subject to forfeiture pursuant to 18 U.S.C. § 982(a)(1)]

As a result of the foregoing criminal violations as set forth in Counts II through IV of the Indictment, which are punishable by imprisonment for more than one year, **DEFENDANTS**

7

**DENNIS FLEETE WHITE (1) and GREGORY WOOTEN (2)** shall forfeit any and all right, title, and interest in the below-described property to the United States, pursuant to 18 U.S.C. 982(a)(1), which states the following:

> **18 U.S.C. § 982.**
> **(a)(1)** The court, in imposing sentence on a person convicted of an offense in violation of section 1956, . . . of this title, shall order that the person forfeit to the United States any property, real or personal, involved in such offense, or any property traceable to such property.

This Notice of Demand for Forfeiture includes, but is not limited to the property, described below in paragraphs III and IV.

### III.
### Personal Property

As a result of the foregoing criminal violations as set forth in Counts I through III of the Indictment, **DEFENDANTS DENNIS FLEETE WHITE (1), GREGORY WOOTEN (2), FERNANDO LOPEZ (3), DEMORAE PRICHETT (4),** ███████████ ███ ██████████ █ **GREGORY DANHAUSER (7)**, and **AMBER GLENETTE MAYNARD (8)** shall forfeit to the United States, pursuant to 21 U.S.C. §§ 853(a)(1) and (2) and 18 U.S.C. § 982(a)(1), the following:

a. $40,990.00, more or less in United States currency, seized from Dennis White and Gregory Wooten in Williamson County, Texas; and

b. $135,692.00, more or less in United States currency, seized from Gregory Wooten in Harris County, Texas.

### IV.
### Real Property

As a result of the foregoing criminal violations as set forth in Counts I and IV of the

Indictment, **DEFENDANT DENNIS FLEETE WHITE (1)** shall forfeit to the United States, pursuant to 21 U.S.C. §§ 853(a)(1) and (2) and 18 U.S.C. § 982(a)(1), the following:

> A. **All right, title and interest of DEFENDANT DENNIS FLEETE WHITE (1) in the following real property is subject to forfeiture to the United States of America:**
>
> Real property located and situated at **2500 Speidel Drive, Pflugerville, Travis County, Texas,** including any and all buildings, appurtenances and improvements thereon and any and all surface rights, title and interests, if any, and more fully described as: LOT 43, BLOCK B, MEADOWS OF BLACKHAWK, PHASE 7A-2, ACCORDING TO THE MAP OR PLAT THEREOF, RECORDED IN DOCUMENT NO. 200500118, OFFICIAL PUBLIC RECORDS, TRAVIS COUNTY, TEXAS. RESERVATIONS FROM AND EXCEPTIONS TO CONVEYANCE AND WARRANTY FOR ALL OF THE AFOREMENTIONED REAL PROPERTY: Easements, rights-of-way, and prescriptive rights, whether of record or not; all presently recorded instruments, other than liens and conveyances, that affect the property.

**ORIGINAL SIGNATURE
REDACTED PURSUANT TO
E-GOVERNMENT ACT OF 2002**

ROBERT PITMAN
United States Attorney

By: _____
GRANT SPARKS
Assistant United States Attorney